KELLUM, Judge.
The opinion issued on September 5, 2014, is withdrawn, and the following opinion is substituted therefor.
The State of Alabama appeals the circuit court’s order granting Louis Christopher Mangione’s petition .for postconviction relief filed, pursuant to Rule 32, Ala. R.Crim. P,
In November 1995, Mangione was convicted of one count of capital murder and one count of intentional murder in connection with the murder of Vicki Deblieux. Mangione was 16 years old at the time of the offense. He was- sentenced to life imprisonment without the possibility of parole. for the capitál-múrdér conviction and to life imprisonment for the, murder con *500 viction. On appeal, this Court affirmed Mangione’s conviction and sentence for capital murder, but reversed his conviction and sentence for intentional murder on the ground that it violated double-jeopardy principles. Mangione v. State, 740 So.2d 444 (Ala.Crim.App.1998). The Alabama Supreme Court denied certiorari review, and this Court issued a certificate of judgment on December 7, 1999.
Mangione, through counsel, filed this, his second,[1] Rule- 32 petition on June 18, 2013. In his petition, Mangione argued that because he was 16 years old at the time of the crime, his mandatory sentence of life imprisonment without the possibility of parole for his capital-murder conviction was unconstitutional.' Specifically, he argued that the United States Supreme Court’s opinion in Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) — in which the Supreme Court held unconstitutional statutory sentencing schemes mandating sentences of life imprisonment without the possibility of parole for juvenile offenders — required that he be given a new sentencing hearing. The State filed a motion to dismiss Man-gione’s petition on July 10, 2013, arguing that Mangione’s claim was precluded by Rules 32.2(a)(3), (a)(5), and (b), and that Miller, supra, did not apply retroactively to cases on collateral review. On August 9, 2013, Mangione filed a reply to the State’s response, arguing that Miller applied retroactively oh collateral review. On September 24, 2013, the circuit court held a hearing on the petition. The parties subsequently filed post-hearing briefs in. support .of their respective positions. On February.28, 2014, the circuit court issued an order granting Mangione’s Rule 32 petition, finding that Miller applied retroactively on collateral review, and ordering that Mangione be resentenced.
The State argues on appeal, as it did in its motion to dismiss, that Mangione’s claim was precluded by Rules 32.2(a)(3), (a)(5), and (b), and that Miller does not apply retroactively to cases on collateral review. The facts in this case are not in dispute, and the question before this Court on appeal — whether the rule announced in Miller is retroactive — is purely legal. Therefore, we apply a de novo standard of review. See Acra v. State, 105 So.3d 460, 464 (Ala.Crim.App.2012).
In Williams v. State, 183 So.3d 201 (Ala.Crim.App.2014), this Court addressed and rejected the same arguments Mangiope raised in his Rule 32 petition. Specifically, this Court held in Williams: (1) that a postconviction claim that a mandatory sentence of life imprisonment without the possibility of parole for a juvenile is unconstitutional under Miller is not a valid ground for postconviction relief under Rule 32.1(b) or Rule 32.1(c), but is a constitutional claim properly raised only, under Rule 32.1(a); and (2) that Miller does not apply retroactively to cases on collateral review. 183 So.3d at 202.
Pursuant to this Court’s holding in Williams, Mangione was not entitled to relief on his challenge to his sentence of life imprisonment without the possibility of parole, and the circuit court erred in granting Mangione’s Rule .32 petition. Therefore, the judgment of the circuit court is reversed and this cause remanded .for proceedings consistent with this opinion, ... , .,,
APPLICATION FOR • REHEARING OVERRULED; OPINION OF SEPTEMBER. 5, 2014, WITHDRAWN; OPINION *501 SUBSTITUTED; REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.

. Mangione filed his first petition in 2000, and the Circuit court denied the petition, This Court dismissed Mangione’s appeal from that dismissal for .failure to file a brief (case no. CR-01-0451).